IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOLGA ULUSEMRE, et al.,

      Plaintiffs,

      v.

JOSEPH HATLEY, et al.,

      Defendants.

Case No. 25-2407-TC-ADM

## ORDER

Pro se plaintiffs Tolga Ulusemre and Xiaolei Xu bring this action against 20 defendants, including a number of lawyers, law firms, and judges, alleging, among other things, that the defendants conspired to deny plaintiffs fair administrative and judicial proceedings based on racial animus. The case is before the court on defendants' joint motion to stay discovery and the setting of case-management deadlines pending the court's ruling on 11 motions to dismiss (ECF 12, 15, 19, 20, 22, 25, 28, 37, 40, 52, 53). (ECF 63.) Plaintiffs oppose the motion to stay. (ECF 65.) For the reasons discussed below, the court grants the motion to stay.

This district's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-2 (D. Kan. Feb. 2, 2023). Whether to grant a

stay of discovery is committed to the trial court's sound discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, each of the 20 defendants has filed a motion to dismiss. The various motions to dismiss collectively assert (1) the complaint fails to plausibly allege a conspiracy claim, (2) the complaint fails to allege the class-based, invidiously discriminatory animus necessary to state a claim under 42 U.S.C. § 1985(3), the complaint fails to allege a legally cognizable injury to plaintiffs, (4) no duty was owed by the defendant lawyers and/or law firms to plaintiffs, (5) the *Younger* abstention doctrine precludes review of the various state court judgments, (6) the *Rooker-Feldman* doctrine precludes review or interference with ongoing state court proceedings, (7) plaintiffs' claims are barred by res judicata, (8) plaintiffs lack standing to assert claims on behalf of their minor son(s), (9) a lack of state action necessary for a claim under 42 U.S.C. § 1983, (10) the complaint fails to state a substantive due process violation, (11) the complaint fails to state a procedural due process violation, (12) absolute immunity (Eleventh Amendment, judicial and/or prosecutorial), (13) and qualified immunity.

The court finds good cause to grant the motion to stay. First, the motions to dismiss raise immunity issues. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). A defendant is therefore generally entitled to have immunity questions resolved before being required to engage in discovery. *Arnold v. City of Olathe, Kan.*, No. 18-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). Otherwise, a defendant who is entitled to immunity would be effectively deprived of its benefit. *See Siegert,* 500 U.S. at 232 (treating immunity as a threshold issue allows

a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits").

Second, particularly given the breadth of the issues raised in the defendants' various motions to dismiss, the court's rulings on those motions have the potential to narrow (if not dismiss entirely) the case. At a minimum, any such rulings are likely to significantly streamline the scope and course of discovery.

Third, discovery is not necessary to resolve the motions to dismiss, each of which is ripe for review (having either been fully briefed or being past the response deadline).

Under the circumstances, moving forward with discovery on all issues plaintiffs raise in their 13-count complaint would likely prove wasteful and burdensome. Thus, the court believes that a stay until the district judge decides the motions to dismiss will facilitate the just, speedy, and inexpensive determination of this action. *See* FED. R. CIV. P. 1. All discovery and Rule 26 requirements are therefore stayed pending further order of the court.

**IT IS THEREFORE ORDERED** that defendants' joint motion to stay discovery and the setting of case-management deadlines (ECF 63) is granted. Discovery, including the requirements of preparing a report of parties' planning meeting and exchanging Rule 26 initial disclosures, is stayed pending the court's rulings on the motions to dismiss.

**IT IS FURTHER ORDERED** that the December 4, 2025 scheduling conference is cancelled. Should any of plaintiffs' claims survive the motions to dismiss, the parties are directed to meet and confer and submit a proposed scheduling order via email to the undersigned's chambers within 14 days of the district judge's ruling on the motion. The court will then reset the scheduling conference.

**IT IS SO ORDERED.**

3

Dated October 20, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge