IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TOLGA ULUSEMRE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOSEPH HATLEY, et al.,<br><br>    Defendants. | Case No. 25-2407-TC-ADM |

**MEMORANDUM AND ORDER**

Pro se plaintiffs Tolga Ulusemre and Xiaolei Xu bring this action against 20 defendants, including a number of lawyers, law firms, and judges, alleging, among other things, that the defendants conspired to deny plaintiffs fair administrative and judicial proceedings based on racial animus. Before the court is plaintiffs' Motion for Recusal, in which plaintiffs assert the presiding district judge and the undersigned magistrate judge have concluded with "at least some Defendants" and move those judges to recuse from the case. (ECF 68.) As each individual judge must make his or her own decision on recusal, this memorandum and order only addresses the portion of the motion requesting the undersigned judge's recusal. For the reasons explained in more detail below, the court denies that portion of the motion.

Two federal statutes govern judicial recusal: 28 U.S.C. §§ 144 and 455. These statutes require a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned, or if she has a personal bias or prejudice concerning a party. The test for determining impartiality is an objective one. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). But a judge

must not recuse based on unsubstantiated suggestions of bias. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see also David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (explaining that a judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is"). In fact, a judge has a duty to remain on the case when there is no legitimate reason for recusal. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002); *Nichols*, 71 F.3d at 351. The party moving for disqualification bears the burden of proof. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (characterizing the burden as a heavy one).

As pertains to the undersigned magistrate judge, plaintiffs assert that she issued "ill-intentioned orders aiming at preventing [plaintiffs] from conducting discovery and from revealing the truth." (ECF 68-1, at 1.) Specifically, plaintiffs mention the July 2 consolidation order issued in another of plaintiffs' cases (ECF 141 in Case No. 24-4095-TC-ADM) and the October 20 order staying discovery in this case (ECF 67). Plaintiffs argue "there is absolutely no justification for either of these orders," and suggest the undersigned judge issued them in collusion with defendants to cover up a "murder list hoax" in the Blue Valley School District. (ECF 68-1, at 1, 3.)

The undersigned judge may not recuse based on the allegations in plaintiffs' motion. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Indeed, the Tenth Circuit has held, "adverse rulings against a litigant cannot in themselves form the appropriate ground for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992); *see also Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (holding district court did not abuse discretion in refusing to recuse because the record was clear that the "recusal motions in fact [were] simply an avenue to attack adverse

rulings made in a case pending" before the district court). Thus, the undersigned's rulings, without more, provide no reason for recusal.

The circumstances here are not ones where a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality, much less demonstrate a personal bias or prejudice. The undersigned judge has no personal bias or prejudice against plaintiffs and has not colluded with others to deny plaintiffs fair process. Therefore, the undersigned judge has a duty to sit and hear this case because there is no legitimate reason for recusal.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for recusal (ECF 68) is denied in part and retained under advisement in part. It is denied to the extent it moves the undersigned judge to recuse. It is retained under advisement to the extent it asks U.S. District Judge Crouse to recuse.

Dated October 28, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge